UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
CIVIL DIVISION

| | |
|---|---|
| ILLINOIS VALLEY PAVING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No: O6 CV 1837 |
| | ) |
| OLD REPUBLIC INSURANCE COMPANY, | ) Honorable Henry Autrey |
| et al., | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Comes now Plaintiff Illinois Valley Paving Company and moves this Court for leave to file its Second Amended Complaint, stating the following:

1. Plaintiff filed this action for declaratory judgment in the Circuit Court for the City of St. Louis on October 31, 2006. Defendants United Rentals Highway Technologies, Inc. and Old Republic Insurance Company removed the case to this Court on December 28, 2006 basing federal jurisdiction upon diversity of citizenship.

2. When this action was filed, Plaintiff and United Rentals both were defendants in three related wrongful death and/or bodily injury lawsuits that were pending in the Circuit Court for the City of St. Louis ("the Underlying Wrongful Death and Bodily Injury Lawsuits"). Plaintiff brought this action in order to establish certain Defendants' obligations to defend and indemnify Illinois Valley in the Underlying Wrongful Death and Bodily Injury Lawsuits.

3. Since that time, the Underlying Wrongful Death and Bodily Injury Lawsuits have been resolved. Illinois Valley was able to settle the claims against it with a defense and several million dollars of indemnification provided by another insurer, Continental Casualty Company.

4. Because of these changed circumstances, Plaintiff seeks to amend its complaint principally for the following reasons:

(i) First, to add Continental Casualty Company as a Plaintiff, seeking to recover millions of dollars that it paid in order to defend and indemnify Illinois Valley in the Underlying Wrongful Death and Bodily Injury Lawsuits, which obligations Defendants were contractually bound to discharge;

(ii) Second, to dismiss several of the named Defendants whose presence is unnecessary; and

(iii) Third, generally to streamline the complaint in order to expedite the future progress of this lawsuit. The Second Amended Complaint also includes certain corrections and revisions to the claims.

5. Adding Continental Casualty Company as a Plaintiff will not affect this Court's diversity jurisdiction since Continental Casualty Company, like Illinois Valley, is a citizen of the State of Illinois and, therefore, of different citizenship than the Defendants.

6. Amending the Complaint will not prejudice any Defendant since this case has not advanced beyond the pleading stage. No pretrial deadlines or trial date have been scheduled. In fact, the proposed amended complaint should advance the resolution of this case by eliminating unnecessary Defendants and streamlining the existing complaint.

7. Under the circumstances, leave to file the Second Amended Complaint should be granted in the interests of justice. Rule 15(a)(2), F.R.C.P.

WHEREFORE, Plaintiff Illinois Valley Paving Company moves this Court for an order granting leave to file the accompanying Second Amended Complaint.

3

        GOLDSTEIN and PRICE, L.C.
        and Alan K. Goldstein (#3239)
        and Aubree Jehle (#58291)

By:   /s/ Alan K. Goldstein
        One Memorial Drive - Suite 1000
        St. Louis, Missouri 63102
        (314) 421-0710
        (314) 421-2832 facsimile
        ATTORNEYS FOR PLAINTIFFS
        CONTINENTAL CASUALTY
        COMPANY AND ILLINOIS
        VALLEY PAVING COMPANY