UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
CIVIL DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and ILLINOIS VALLEY PAVING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, UNITED RENTALS HIGHWAY TECHNOLOGIES, INC., and AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>Defendants | No: O6 CV 1837<br><br>Honorable Henry Autrey |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs Continental Casualty Company and Illinois Valley Paving Company and for their causes of action against Defendants, state as follows:

### A.  The Parties

1. Plaintiff Continental Casualty Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Continental Casualty Company is licensed to do business as an insurance company in the states of Illinois and Missouri, and is authorized to execute and deliver contracts of liability insurance in those states.

2. Plaintiff Illinois Valley Paving Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Illinois Valley is engaged in the business of highway reconstruction.  Illinois Valley was insured by Continental Casualty under two policies of insurance as described in greater detail in paragraph 17 below.

3. Upon information and belief, Defendant United Rentals Highway Technologies, Inc. is a Delaware corporation with its principal place of business in Connecticut. United Rentals is engaged in the business of providing and installing traffic safety products, including highway barriers, barricades, signs and lights.

4. Upon information and belief, Defendant Old Republic Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Greensburg, Pennsylvania. Old Republic is licensed and authorized to do business as an insurance company in the State of Missouri.

5. Upon information and belief, Defendant American Alternative Insurance Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business outside of the State of Missouri. American Alternative is licensed and authorized to do business as an insurance company in the State of Missouri.

**B.     Jurisdiction and Venue**

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1332(a)(1) in that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district, pursuant to 28 U.S.C. 1391(a)(2), since a substantial part of the events or omissions which give rise to these claims occurred here. Specifically, Defendants failed to defend and indemnify Illinois Valley against wrongful death and injury lawsuits that were pending in the Circuit Court of the City of St. Louis, as described in greater detail in paragraphs 20-26 below.

### C. The Subcontract

8. In December 2002, Illinois Valley, as Contractor, entered into a Subcontract Agreement with United Rentals Highway Technologies, Inc., as Subcontractor, whereby United Rentals agreed, among other things, to furnish and install certain safety equipment for a highway construction project on Route 13, in Polk County, Missouri, including but not limited to constructions signs, channelizers, markers, and flashing signs.

9. The Subcontract stated, in pertinent part:

ARTICLE TEN
Insurance

Prior to commencing any work under this Subcontract Agreement, Subcontractor shall procure insurance for the Subcontract work and maintain in effect Workers Compensation/Employer Liability, Comprehensive General Liability, Automobile Liability, and such other insurance as is appropriate for the Subcontract work and as may be required by the Owner.  As to the work performed under or incident to this Subcontract Agreement, **Subcontractor shall obtain and maintain insurance acceptable to and protecting Contractor, which is primary as to any other existing, valid, and collectible insurance, and names Contractor as an additional insured.** Subcontractor shall pay the premium and forward appropriate Certificates of Insurance immediately upon obtaining same and at such further times as requested by Contractor.… (emphasis added)

10. The Subcontract also included an agreement by Subcontractor United Rentals to defend, indemnify and hold harmless the Contractor, Illinois Valley, from and against actions, damages and expenses arising from the Subcontractor's work, including but not limited to claims for bodily injury and death.

### D. The Insurance

11. Pursuant to the Subcontract, United Rentals forwarded to Illinois Valley a Certificate of Liability Insurance stating that United Rentals had commercial general liability insurance with Old Republic and excess insurance with American Alternative.  The Certificate named Illinois Valley as an additional insured on United Rentals' policies with Old Republic and

3

American Alternative. The Certificate of Liability Insurance, in pertinent part, states: "Illinois Valley Paving the owner are named as additional insureds as to United Rentals, Inc. operations only. Re: Rt. 13 Polk County, MO, IVP Job #32928."

12. Old Republic issued a policy of comprehensive general liability insurance to United Rentals ("the Old Republic Policy"). The Old Republic Policy bears the policy number MWZRD 1048 and the policy term 1-1-04 to 1-1-05. The Commercial General Liability Declarations page states that the Old Republic Policy includes a $2 million limit of liability for each occurrence.

13. The Old Republic Policy states, in pertinent part:

SECTION I – COVERAGES

DAMAGE LIABILITY COVERAGE A BODILY INJURY AND PROPERTY
1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.…

14. The Old Republic Policy also includes an endorsement entitled ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – (Form B). The endorsement states, in pertinent part, that it modifies the insurance provided by the Commercial General Liability Coverage Part "to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you." The schedule shows "All persons or organizations as required by contract or agreement."

15. American Alternative issued a Commercial Umbrella policy to United Rentals ("the American Alternative Policy"). The American Alternative Policy bears policy number 01-

4

A2-UM-0000487-02 and recites a policy period from 01/01/04 to 01/01/05. The Commercial Umbrella Policy Declarations state a limit of liability of $10 million for each occurrence.

16. The American Alternative Policy states, in pertinent part:

I. INSURING AGREEMENTS

We, the Company, in return for the payment of the premium, agree with you, as follows:

A. Coverage A – Excess Following Form Liability Over Underlying Claims Made or Occurrence Coverage

We will pay, on behalf of the **insured**, sums in excess of the amount payable under the terms of any Underlying Insurance as stated in the Schedule of Underlying Insurance, that the **insured** becomes legally obligated to pay as damages because of injury or damage to which this insurance applies.

This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the Underlying Insurance except as otherwise provided in this policy; provided, however, that in no event will this insurance apply unless the Underlying Insurance applies or would apply but for the exhaustion of its applicable Limit of Liability.

17. Illinois Valley also was insured under two policies issued by Continental Casualty: (i) commercial general liability policy number 271060249, for the policy period June 1, 2004 to June 1, 2005, with an occurrence limit of liability of $1 million ("the Continental Casualty General Liability Policy"); and (ii) commercial umbrella policy number 2071082185, for the policy period June 1, 2004 to June 1, 2005, with an occurrence limit of liability of $5 million excess of the underlying $1 million policy ("the Continental Casualty Umbrella Policy").

18. The Continental Casualty General Liability Policy states, in pertinent part:

4. **Other Insurance**

. . . .

b. **Excess Insurance**

This insurance is excess over:

5

>       …
>  (2)   Any other primary insurance available to you
>        covering liability for damages arising out of the
>        premises or operations for which you have been
>        added as an additional insured by attachment of an
>        endorsement.
>
> When this insurance is excess, we will have no duty under
> Coverages **A** or **B** to defend the insured against any "suit"
> if any other insurer has a duty to defend the insured against
> that "suit." If no other insurer defends, we will undertake
> to do so, but we will be entitled to the insured's rights
> against all those other insurers.

19. The Continental Casualty Umbrella Policy states, in pertinent part:

   **SECTION IV – CONDITIONS**

   . . . .

   **4.   Other Insurance**

   Whenever you are covered by other:

   a. Primary;
   b. Excess; or
   c. Excess-contingent

   insurance not scheduled on this policy as "scheduled underlying
   insurance," this policy shall apply only in excess of, and will not
   contribute with, such other insurance. This policy shall not be subject to
   terms, conditions or limitations of other insurance. In the event of
   payment under this policy where you are covered by such other insurance,
   we shall be subrogated to all of your rights of recovery against such other
   insurance and you shall execute and deliver instruments and papers,
   including assignment of rights, and do what is necessary to secure such
   rights.

**E.   The Underlying Wrongful Death and Bodily Injury Lawsuits**

20. On June 30, 2004, a minivan struck construction equipment and then collided with a gravel truck on Route 13 in Polk County, Missouri, where United Rentals was performing pursuant to the Subcontract. Two men in the minivan, Brian P. Hill and David Adams, were

6

killed. Their two sons, Travis Hill and Drex Adams, were injured, as was John Duffin, a construction worker at the site.

21. The families of the two deceased fathers and the two injured boys filed three lawsuits arising from the accident in the Missouri Circuit Court, City of St. Louis, as follows:

(i) The Estate of David D. Adams, et al. v. Robin Hill, et al., Cause No: 052-8536. Mr. Duffin also asserted a cross-claim in the David Adams lawsuit;

(ii) Karlan Leilla Hill, et al. v. Missouri Highway and Transportation Commission, et al., Cause No: 052-09551; and

(iii) Travis Hill v. Robin Hill, et al., Cause No: 052-10413 (collectively "the Underlying Wrongful Death and Bodily Injury Lawsuits").

22. Illinois Valley and United Rentals, among others, were named as defendants in the Underlying Wrongful Death and Bodily Injury Lawsuits.

23. The allegations against Illinois Valley and United Rentals were identical in all three Underlying Wrongful Death and Bodily Injury Lawsuits. Specifically, the claimants alleged that Illinois Valley and United Rentals negligently caused or contributed to cause the deaths and the injuries by failing, in a series of ways enumerated in the underlying complaints, to channel traffic properly, warn motorists of roadwork, and adequately protect motorists in the construction zone.

24. Illinois Valley tendered the defense and indemnification of the Underlying Death and Bodily Injury Lawsuits to United Rentals, Old Republic and American Alternative. All three refused and/or failed to defend and indemnify Illinois Valley.

25. Continental Casualty defended Illinois Valley in the Underlying Death and Bodily Injury Lawsuits. The cost of the defense Continental Casualty provided was approximately $265,000.

26. At the request of Illinois Valley, Continental Casualty settled the Underlying Death and Bodily Injury Lawsuits, in advance of jury trials in the City of St. Louis. Continental Casualty paid its entire primary and excess limits of $6 million. Non-party Zurich Insurance Company paid an additional $2 million.

27. The insurance issued by Continental Casualty was supposed to be excess to the insurance issued by Old Republic and American Alternative pursuant to the terms of the Subcontract.

28. Under principles of equitable subrogation, reimbursement and/or contribution Continental Casualty is entitled to recover from Old Republic the defense costs it paid and from Old Republic and American Alternative some or all of the settlement amounts it paid since it discharged obligations owed by one or more of the Defendants.

29. To the extent, if any, that this Court should determine that the Old Republic and American Alternative policies did not afford insurance coverage to Illinois Valley that was primary to the Continental Casualty policies, then Illinois Valley and/or Continental Casualty, as a third-party beneficiary of the Subcontract, are entitled to recover their defense expenses and indemnification amounts for the Underlying Wrongful Death and Bodily Injury Lawsuits from United Rentals for breaching its obligations under the Subcontract, including but not limited to its obligation to obtain and maintain insurance acceptable to and protecting Illinois Valley which is primary as to any other existing, valid and collectible insurance.

30.     Plaintiffs also are entitled to recover all of their legal expenses, including but not limited to reasonable attorney's fees, to enforce the provisions of the Subcontract, pursuant to Article Twenty-Seven of the Subcontract, entitled "Attorneys Fees".

WHEREFORE, Plaintiffs Continental Casualty Company and/or Illinois Valley Paving Company pray for judgment as follows:

(1)     for equitable subrogation, reimbursement and/or contribution against the Defendants for the cost of defending against and settling the Underlying Wrongful Death and Bodily Injury Lawsuits in an amount to be proved at trial;

(2)     for damages to be proved at trial, for breach of the Subcontract, against United Rentals Highway Technologies, Inc.;

(3)     for all of their legal expenses, including but not limited to attorney's fees, to enforce the provisions of the Subcontract, against United Rentals Highway Technologies, Inc.; and

(4)     for costs of suit and all other remedies that this Court deems just and appropriate.

> GOLDSTEIN and PRICE, L.C.
> and Alan K. Goldstein (#3239)
> and Aubree Jehle (#58291)
>
> By:   /s/ Alan K. Goldstein
>        One Memorial Drive - Suite 1000
>        St. Louis, Missouri  63102
>        (314) 421-0710
>        (314) 421-2832 facsimile
>        ATTORNEYS FOR PLAINTIFFS
>        CONTINENTAL CASUALTY
>        COMPANY AND ILLINOIS
>        VALLEY PAVING COMPANY