UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, <br> and ILLINOIS VALLEY PAVING COMPANY <br><br> Plaintiffs, <br><br> vs. <br> HEA <br><br> OLD REPUBLIC INSURANCE COMPANY, <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:06CV1837 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant, United Rentals Highway Technologies, Inc.'s Motion to Dismiss Crossclaims of American Alternative Insurance Corporation against United Rentals based upon the Doctrine of *Forum non conveniens* or in the Alternative to Dismiss for Failure to Comply with 28 USC § 1367, [Doc. No. 45]. American Alternative Insurance Corporation, AAI, opposes the motion. For the reasons set forth below, the motion is denied.

### Facts and Background

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri seeking a declaration that Defendant United Rentals and/or its insurers, Defendants Old Republic Insurance Company and AAI, are obligated to indemnify

them for attorneys' fees and settlements paid in relation to three underlying lawsuits which resulted from a multi-fatality automobile accident. Defendants removed the declaratory judgment action based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1446. Subsequent to removal, Defendant AAI filed a four count crossclaim against United Rentals and a counterclaim against Plaintiffs seeking a declaration that Plaintiff Illinois Valley Paving, IVP, is not an insured under the AAI policy at issue and/or that the terms contained within the AAI policy preclude or limit coverage to IVP in relation to the three underlying. Count I of AAI's cross claim alleges that United Rentals breached the insurance contract it purchased from AAI by failing to maintain the underlying insurance that it represented to AAI existed concurrently with the AAI policy. Count II seeks a declaration that United Rentals is not entitled to coverage under the AAI policy because all of the underlying insurance and/or self-insured retentions have not been exhausted. Count III seeks a declaration that United Rentals is not entitled to accelerate any AAI coverage obligations by replacing the coverage underlying the AAI policy with different terms, conditions, endorsements, and limits. Count IV seeks damages from United Rentals based on United Rentals' alleged misrepresentations to AAI that it would maintain underlying insurance coverage consistent with the policies listed in the Schedule of Underlying Insurance in the AAI policy.

United Rentals moves to dismiss these counts based on the doctrine of *forum non conveniens*.

*Forum non conveniens* exists as a method of allowing courts to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). The U.S. Supreme Court has outlined a number of private and public factors that guide the Court's decision whether dismiss on *forum non conveniens* grounds. The private factors to be considered include: the private interest of the litigant, relative ease of access to sources of proof, availability of compulsory process for attendance of the unwilling, the cost of obtaining witnesses, the need to view the premises, the enforceability of a judgment, and "all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id*. at 508. The public factors the Court must consider include: the burden of jury duty on the local community, the local interest in having the matter decided at home, congestion in courts, and the difficulty in applying foreign law. *Id*. at 508-09.

The balance must be strongly in favor of Defendant in order to upset Plaintiff's choice of forum *Reid-Walen v. Hansen*, 933 F.2d 1390, 1394 (citing *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 342 (8th Cir.1983)). Defendant additionally carries the burden of persuasion in proving "all elements necessary for the court to dismiss a claim based on forum non conveniens." *Id*. at 1393.

AAI's Choice of Forum

Normally, the Court is required to give strong deference to Plaintiff's choice of forum. See *Gilbert*, 330 U.S. at 508 (stating that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). The Court may not dismiss a plaintiff's lawsuit simply because another forum is a more convenient forum for the defendant. See *Koster v. (American) Lumbermens Mut. Casualty*, 330 U.S. 518, 524 (1947). Rather, the Court may only dismiss a plaintiff's suit if its choice of forum is so oppressive and vexatious to the defendant as to be out of all proportion to the plaintiff's own convenience, which may be shown to be slight, or if trial in the chosen forum would be inappropriate because of considerations giving rise to administrative and legal problems for the court. See *id*. The case at issue in this motion are the crossclaims of Defendant AAI against co-Defendant United Rentals. These parties are already before the Court and therefore, the "inconvenience" factor of requiring the parties to appear in this jurisdiction is not present. Furthermore, litigating the crossclaims in an action which is already pending spares the Court and the parties the requirement of instituting another suit in a separate jurisdiction.

Private and Public Interest Factors

Turning to the remaining factors relevant to a motion to dismiss for *forum non conveniens*, the Court finds United Rentals has failed to carry its burden and

that these factors favor AAI. The Court weighs these factors in order to determine whether the balance is sufficient to overcome AAI's choice of forum.

Private Interest Factors

The following are the private interest factors the Court must consider: (1) the access to sources of proof; (2) the availability of compulsory attendance for unwilling witnesses; (3) the cost of attendance of willing witnesses; (4) the possibility of viewing the premises; (5) difficulties in enforcing a judgment if one is obtained; and (6) all other practical problems. *Gilbert*, 330 U.S. at 508. This is a declaratory judgment action which entails the Court's interpretation of insurance policies. Documentation is a major source of proof in this case. This Court can analyze the relevant policies just as easily as any other court. Interpretation of the policies at issue and the applicable law does not require a significant number of "unwilling witnesses." There are no premises requiring viewing and there appears to be no difficulty in enforcing a judgment if one is obtained. Combining these crossclaims with Plaintiffs' action eliminates duplicative litigation and will resolve all pending issues related to the underlying suits.

Public Interest Factors

The Court must also consider the following public interest factors: (1) court congestion; (2) the "local interest in having localized controversies decided at home," *Gilbert*, 330 U.S. at 508; (3) the interest in having a case in a forum that is

at home with the law that must apply; (4) the avoidance of unnecessary conflict of laws problems; and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty," *Piper Aircraft Co.*, 454 U.S. at 241 n. 6 (citation omitted). *Gilbert* 330 U.S. at 508; *Piper Aircraft Co.*, 454 U.S. at 241 n. 6 (citation omitted). Neither party has alleged that court congestion is an issue. Indeed, the matter is already before the Court and it would appear most expeditious to resolve all pending issues regarding the insurance coverage in one forum at one time. Because this is a declaratory judgment action, the jury issue is not relevant. In deciding the declaratory judgment issues, the Court is of the opinion that a single decision from one Court resolves the problem of multi-court opinions. Resolution of the policy coverage issues is applicable whether the underlying lawsuits are pending in this Court or in another Court. The questions are not venue specific, rather, the issues encompass the intent of the parties in entering into the insurance contracts.

## **Conclusion**

The factors the Court is required to consider clearly favor this forum. With the deference given to AAI's choice of forum, the balance of these factors is sufficient to convince the Court that the case should be tried here. United Rental's Motion to Dismiss for *Forum Non Conveniens* is denied.

Accordingly,

**IT IS HEREBY ORDERED** that United Rentals Highway Technologies, Inc.'s Motion to Dismiss Crossclaims of American Alternative Insurance Corporation against United Rentals based upon the Doctrine of *Forum non convenient* or in the Alternative to Dismiss for Failure to Comply with 28 USC § 1367, [Doc. No. 45], is **DENIED**.

Dated this 20th day of January, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE