IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and ILLINOIS VALLEY PAVING COMPANY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:06CV1837 HEA |
| OLD REPUBLIC INSURANCE COMPANY, et al., ) ) ) | |
| Defendants. ) ) ) | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, ) ) ) | |
| Counterplaintiff, ) ) | |
| v. ) ) | |
| CONTINENTAL CASUALTY COMPANY and ILLINOIS VALLEY PAVING COMPANY, ) ) ) | |
| Counterdefendants. ) ) ) | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, ) ) ) | |
| Crossplaintiff, ) ) | |
| v. ) ) | |
| UNITED RENTAL HIGHWAY TECHNOLOGIES, INC., ) ) ) | |
| Crossdefendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Crossplaintiff, American Alternative Insurance Corporation's ("AAIC") Motion for Leave to Amend its Crossclaims to add United Rentals, Inc., as a Cross-Defendant, [Doc. No. 77], and United Rentals Highway Technologies, Inc.'s ("United Rentals") Motion to Dismiss or Stay American Alternative Insurance Corporation's Amended Crossclaims, [Doc. No. 83]. For the reasons set forth below, AAIC's Motion for Leave is granted and United Rentals' Motion is denied.

**Facts and Background**

Plaintiffs, Continental Casualty Company ("Continental") and Illinois Valley Paving Company ("IVP") filed the present action in this Court seeking a declaration that United Rentals and/or its alleged insurers, Old Republic Insurance Company ("Old Republic") and AAIC are obligated to indemnify them for attorneys' fees and settlements paid in relation to three underlying lawsuits that followed a multi-fatality automobile accident.

In addition to answering Plaintiffs' Second Amended Complaint and filing counterclaims against Plaintiffs, AAIC filed several crossclaims against United Rentals seeking a declaration from this Court that the policy identified in Plaintiffs' Second Amended Complaint does not provide coverage to United Rentals in this lawsuit. AAIC's crossclaims also seek relief in relation to six other underlying

lawsuits where AAIC and United Rentals and/or United Rentals' corporate parent, United Rentals, Inc. ("URI"), have identical coverage disputes involving the same AAIC policy at issue in Plaintiff's Second Amended Complaint. United Rentals has also filed a Third Party Complaint against its insurance broker, Aon Corporation.

Subsequently, in March of this year, United Rentals and URI filed suit against AAIC in the Superior Court of California, City and County of San Francisco ("the California Action"), alleging in general that a coverage "dispute" exists between the parties. The California Action, unlike this action, does not include Old Republic, Aon, or any purported additional insureds as parties.

AAIC seeks to amend its Crossclaims to add the named insured under the policy, United Rentals, Inc., as a Cross-Defendant. In turn, United Rentals seeks to dismiss AAIC's crossclaims[1] or, in the alternative, have the Court institute a stay of the proceedings in this Court pending the outcome of the California Action.

**United Rentals' Motion to Dismiss**

**The Court has Supplemental Jurisdiction Over AAIC's Crossclaims Pursuant to 28 U.S.C. § 1367.**

---

[1] United Rentals previously filed a Motion to Dismiss AAIC's crossclaims involving one of the underlying lawsuits, *Pierce v. HRI, Inc*., on the grounds of *forum non conveniens* and lack of supplemental jurisdiction under 28 U.S.C. § 1367. [Doc. # 45]. The Court denied United Rentals' Motion. [Doc. # 61]. The Court subsequently allowed AAIC to amend its crossclaims to include the five other underlying cases. [Text Order entered on February 2, 2009].

Under 28 U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…" Claims within an action are part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In the insurance context, federal courts typically hold that they have supplemental jurisdiction over third-party actions between insureds and insurers to declare rights and obligations under insurance contracts. *WTC Captive Ins. Co., Inc. v. Liberty Mut. Fire Ins. Co.*, 537 F.Supp.2d 619, 626 (S.D.N.Y. 2008). "If the underlying case by or against the insured satisfies federal jurisdiction, there does not have to be an independent basis of jurisdiction over the third-party action between the insured and the insurer, because supplemental jurisdiction lies." *Id*.

In the matter before the Court, there is a substantial overlap between Plaintiffs' claims and AAIC's crossclaims. The primary issues in this case are (1) whether Plaintiffs are entitled to indemnification from United Rentals and/or it's alleged insurers, and (2) if so, which party is obligated to indemnify the Plaintiffs. Stated more specifically, if Plaintiffs prove that they are entitled to indemnification from United Rentals and/or AAIC but AAIC proves its crossclaims at trial, United Rentals will be responsible for some or all of the award Plaintiffs obtain against

4

AAIC. However, if the Court were to dismiss AAIC's crossclaims in this case, AAIC would be required to file a separate lawsuit seeking contribution or indemnification from United Rentals.

Further, the crossclaims relating to the six additional underlying cases do not present substantial additional factual or legal issues. All of the underlying cases involve *identical* coverage disputes surrounding the same AAIC policy at issue in Plaintiffs' Second Amended Complaint. The individual facts and location of each incident are largely irrelevant for purposes of resolving the dispute. Instead, as this Court has already recognized in its order dismissing United Rentals' prior motion to dismiss based on forum *non conveniens* [Doc. # 61], resolution of the dispute between AAIC and United Rentals/URI, in all of the underlying lawsuits, encompasses the intent of AAIC and United Rentals/URI in entering into the insurance contract.

United Rentals argues that AAIC's crossclaims do not arise from the same case or controversy because potential additional insureds in the six other underlying lawsuits are not parties to this case.[2] However, as noted above, these additional insureds are not necessary parties because the coverage dispute is between United Rentals and AAIC. Regardless of who may file a claim to benefits as a purported additional insured under the AAIC policy and regardless of

---

[2] It is interesting to note that none of these potential additional insureds are parties to the California Action.

where that purported additional insured may file its lawsuit, this Court has the ability to determine the respective rights between AAIC and United Rentals (and its related entities) such that if purported additional insureds do file lawsuits (here or in any other forum), AAIC and United Rentals will not continually need to litigate crossclaims as to who bears responsibility for the purported additional insured's requested relief. In other words, "This Court's resolution of the policy coverage issues is applicable whether the underlying lawsuits are pending in this Court or in another court." [Doc. # 61].

As stated by this Court in its previous Order, combining AAIC's crossclaims with Plaintiffs' action "resolves the problem of multi-court opinions" and "eliminates duplicative litigation and will resolve all pending issues related to the underlying suits. The matter is already before this Court and it would appear most expeditious to resolve all pending issues regarding the insurance coverage in one forum at one time." [Doc. # 61]. For these reasons, the Court denies United Rentals' Motion to Dismiss AAIC's Amended Cross claims.

**United Rentals' Motion to Stay**

In the alternative, United Rentals has asked this Court to stay these proceedings pending the outcome of the California Action. As AAIC correctly points out, United Rentals, by virtue of its prior filing of an Answer to each of AAIC's crossclaims [Doc. # 65], has now waived any right to challenge the

appropriateness of this forum to resolve this comprehensive coverage dispute. See Fed. R. Civ. P. 12(b) and (h).

Even if United Rentals had not waived its right to challenge this forum, abstention and/or a stay of AAIC's crossclaims would not be appropriate. Abstention from federal jurisdiction "is the exception, not the rule." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976). Abstention is an "extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) (quoting *Colorado River*) (affirming denial of stay).[3] See also *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128, 2009 WL 259744 *2 (E.D. Mo. Feb. 3, 2009) ("The [*Colorado River*] Court did not intend for abstention in concurrent cases to be the general rule; rather, courts should only stay or dismiss an action under *Colorado River* in 'exceptional circumstances.'").

Under *Colorado River*, a district court may consider the following factors in

---

[3] *Colorado River* summarized the three circumstances in which abstention has traditionally been found to be appropriate: (1) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (b) cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, and (3) where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings… 424 U.S. at 814-15.

7

determining whether "exceptional circumstances" exist warranting a court's abstention from federal jurisdiction: (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed; (4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases; (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *U.S. Fid. & Guar. Co. v Murphy Oil USA*, 21 F.3d 259, 263 (8th Cir. 1994). The balance of factors is to be "heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, (emphasis added), and "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

Applying the *Colorado River* factors to this case, it is clear that the requisite "exceptional circumstances" do not exist to justify staying AAIC's crossclaims in favor of litigating this matter in California. On the contrary, consideration of the relevant factors heavily favor this Court's retention of jurisdiction over AAIC's crossclaims. Initially, United Rentals has not and cannot argue that there is a res in this case over which the California court has jurisdiction.

In addition, this Court has already rejected the assertion that it would be

"inconvenient" and/or inefficient for the parties to litigate AAIC's crossclaims in this forum. [Doc. # 61]. Moreover, deferral to the California Action will result in piecemeal litigation or the possibility of inconsistent verdicts. The parties would be better served by having all matters heard and determined by this Court.

More importantly, however, this lawsuit has priority over the California Action, both in terms of how long the case has been pending, as well as the progress made in the case. This lawsuit was filed over two years before United Rentals/URI filed the California Action, and the parties in this case have engaged in significant motion practice and are in the midst of discovery. Staying the proceedings at this stage and requiring the parties to start over in the California Action would be a tremendous waste of time and judicial resources.

United Rentals correctly notes that AAIC's declaratory judgment claims must be analyzed under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). Under *Brillhart,* a district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action can be better settled by the state court. *Brillhart*, 316 U.S. at 495. "The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id*.

Again, consideration of these factors weigh heavily in favor of this Court's retention of jurisdiction over AAIC's crossclaims rather than deferring to the California Action. This Court is familiar with the specific factual and legal issues involved in this case. This lawsuit, as opposed to the California Action, specifically identifies the AAIC policy provisions at issue, identifies the seven underlying lawsuits for which AAIC, United Rentals, and/or URI have a dispute, and includes United Rentals' underlying insurer and insurance broker. All necessary parties are before the Court in this lawsuit. Further, as the Court has previously stated, litigating the crossclaims in an action which is already pending spares the Court and the parties the requirement of instituting or litigating another suit in a separate jurisdiction, and in this case will avoid needless duplicative litigation with Old Republic and Aon. The present action before the Court brings all the parties and issues together so that the entire dispute can be comprehensively adjudicated.

As previously noted, "[t]his Court can analyze the relevant policies just as easily as any other court." Further, the questions in this case "are not venue specific; rather, the issues encompass the intent of the parties in entering into the insurance contracts." [Doc. # 61]. This Court clearly provides an adequate forum for all the parties to most comprehensively adjudicate these issues. United Rentals has provided the Court with no exceptional or compelling reason to stay these proceedings in favor of the California Action. Therefore, this Court denies United

Rentals' Motion to Stay AAIC's Amended Crossclaims.

**AAIC's Motion for Leave to Amend its Crossclaims to Add URI as Crossdefendant**

AAIC seeks leave to amend its crossclaims to add URI as a party to this action. For the following reasons, the Court finds that to ensure comprehensive resolution of AAIC's crossclaims, AAIC's motion is granted.

Leave to amend is freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). See also 28 U.S.C. § 1367 (stating that a district court's supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties."). Here, the Court can find no justification for refusing to allow AAIC to add URI as a crossdefendant, especially in light of the Court's decision to retain jurisdiction over AAIC's crossclaims. URI will not be prejudiced if it is added as a party to the case at this stage of the proceedings. No depositions have taken place and URI will have a full opportunity to conduct discovery. In fact, it appears that URI will be represented by United Rentals' counsel who has been active in this case since its inception. Further, inclusion of URI in this case will avoid duplicative litigation and preserve judicial resources.

United Rentals argues that URI and United Rentals are separate corporate entities and are therefore "separate insureds" under the AAIC policy, thus entitling URI to "litigate its coverage in its chosen forum: California." [Doc. # 85]. This

argument is disingenuous in that, under the Old Republic and AAIC policies at issue in this case, only URI is identified as a "Named Insured." To the extent that United Rentals believes it is entitled to coverage from AAIC in this case or any of the underlying lawsuits, such coverage could only arise based upon United Rentals' corporate relationship with and connection to URI.

Therefore, to ensure efficient and comprehensive resolution of all coverage issues among AAIC and its insureds, the Court grants AAIC's Motion for Leave.

### Conclusion

Based upon the foregoing analysis, the Motion to Dismiss or alternatively to stay these proceedings is denied. The Motion to Amend is granted.

Accordingly,

**IT IS HEREBY ORDERED** that United Rentals' Motion to Dismiss or Stay American Alternative Insurance Corporation's Amended Cross claims, [Doc. No 83], is **DENIED**.

**IT IS FURTHER ORDERED** that American Alternative Insurance Corporation's Motion for Leave to Amend Crossclaims to Add United Rentals, Inc., as a Cross defendant, [Doc. No. 77], is **GRANTED**.

Dated this 28th day of July, 2009.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE