UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS VALLEY PAVING COMPANY and CONTINENTAL CASUALTY COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1837 HEA |
| OLD REPUBLIC INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 82], Defendant American Alternative Insurance Company's Joinder in Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 87], and Defendant United Rentals Highway Technologies, Inc.'s Motion for Partial Summary Judgment and to Join Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 105]. For the reasons set forth below, Old Republic's Motion is granted; America Alternative's Joinder in the Motion is granted to the extent stated herein.; and United Rentals' Motion is denied.

Old Republic Insurance Company (Old Republic) filed this motion for partial summary judgment to limit Plaintiffs' recovery, if any against it, to a maximum of

$1,000,000 in insurance proceeds. Plaintiffs oppose the motion.

**Facts and Background**

Illinois Valley Paving Company (Illinois Valley), as Contractor, entered into a Subcontract Agreement with United Rentals Highway Technologies, Inc., (United Rentals), as Subcontractor, to provide equipment for a construction project on Route 13 in Polk County, Missouri. Pursuant to the Subcontract, United Rentals was to maintain general liability insurance naming Illinois Valley as an additional insured. United Rentals maintained primary commercial general liability insurance with Old Republic and an excess liability policy from American Alternative Insurance Company (American). The relevant policy period was January 1, 2004 through January 5, 2005.

The Subcontract provided, in pertinent part:

> Article Ten of the Subcontract provides, in pertinent part:
> Prior to commencing any work under this Subcontract Agreement, Subcontractor shall procure insurance for the Subcontract work and maintain in effect Workers Compensation/Employer Liability, Comprehensive General Liability, Automobile Liability, and such other insurance as is appropriate for the Subcontract work and as may be required by the Owner. As to the work performed under or incident to this Subcontract Agreement, Subcontractor shall obtain and maintain insurance acceptable to and protecting Contractor, which is primary as to any other existing, valid, and collectible insurance, and names Contractor as an additional insured. Subcontractor shall pay the premium and forward appropriate Certificates of Insurance immediately upon obtaining same and at such further times as requested by Contractor. . .
>
> Said insurance as described in this article shall be maintained in the limits required by Owner under the General Contract, but in no event less than the following. . .Comprehensive general liability insurance on an occurrence basis. . . $1,000,000 Each Occurrence. . . $2,000,000 General Aggregate Limit.

Illinois Valley received a Certificate of Insurance, dated June 3, 2004, which stated that United Rentals had commercial general liability insurance with Old Republic and excess insurance with American. The Certificate named Illinois Valley as an additional insured on both policies. It further provided that the Old Republic policy, MWZRD 1048 provides $1,750,000 in liability insurance per occurrence, in excess of a $250,000 self insured retention, and the American policy, 01-AZ-UM-00000487-02 provides $2 million excess liability insurance per occurrence and in the aggregate.

Old Republic issued a policy of comprehensive general liability insurance to United Rentals. The Declarations page states a $2 million limit of liability for each occurrence. A subsequent endorsement, dated August 30, 2005 states that the limit of liability to $1.75 million per occurrence is made retroactively to the policy's January 1, 2004 beginning date.

Included in the policy are two endorsements relevant to the instant issues. Endorsement Form B, entitled, ADDITIONAL INSURED--OWNERS, LESSEES OR CONTRACTORS--(Form B) provides that coverage for the insured person applies only to United Rentals' work for that insured by or for United Rentals. The ADDITIONAL INSURED ENDORSEMENT (Form C) provides that the insurance under the commercial general liability coverage is modified as follows:

> WHO IS AN INSURED (Section II) is amended to include any
> person(s) or organization(s) for whom you have agreed in a written

contract to provide insurance, but only for damages:

    a. Which are covered by this Insurance; and

    b. Which you have agreed to provide in such contract.

2. The limits of insurance afforded to such person(s) or organization(s) will be:

    a. The minimum limits of insurance which you agreed to provide,

    or

    b. The limits of insurance of this policy whichever is less.

The Subcontract also included an agreement by subcontractor, United Rentals, to defend, indemnify and hold harmless Illinois Valley from and against actions, damages and expenses arising from United Rentals' work, including claims for bodily injury and death.

On June 30, 2004, a minivan struck construction equipment and then collided with a gravel truck on Route 13 in Polk County, Missouri. Two men in the minivan were killed. Their two sons were injured, as was a construction worker at the site. Three lawsuits were filed as a result of the accident. In all three suits, claimants alleged that Illinois Valley and United Rentals negligently caused or contributed to cause the deaths and the injuries by failing to channel traffic properly, warn motorists of roadwork and adequately protect motorists in the construction zone.

Illinois Valley tendered the defense and indemnification to United Rentals,

Old Republic and American. All three refused and/or failed to defend and indemnify Illinois Valley.

Continental Casualty, Illinois Valley's insurer,[1] defended Illinois Valley in the lawsuits. At the request of Illinois Valley, Continental Casualty settled the lawsuits in advance of jury trials in the amount of the policies, *i.e.*, $6 million.

Plaintiffs Illinois Valley and Continental Casualty brought this action to recover some or all of the settlement amounts. Plaintiffs allege equitable subrogation reimbursement and/or contribution. Alternatively, if coverage is not found under the Old Republic and American policies, Plaintiffs allege they are entitled to recover their defense expenses and indemnification amounts for the underlying lawsuits from United Rentals for breaching its obligations under the Subcontract, including its obligation to obtain and maintain insurance acceptable to and protecting Illinois Valley which is primary as to any other existing, valid and collectible insurance.

## **Standard of Review**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.

---

[1] Illinois Valley purchased a commercial general liability policy for the period June 1, 2004 through June 1, 2005 with an occurrence limit of liability of $1 million and a commercial umbrella policy for the period June 1, 2004 through June 1, 2005 with an occurrence limit of liability of $ 5 million excess of the underlying $1 million policy from Continental Casualty.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the

"nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial."

*Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 391, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993).[2] Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill.2d 141, 153, 290 Ill.Dec. 155, 821 N.E.2d 206 (2004). If the words used in the policy, given their plain and ordinary meaning, are unambiguous, they must be applied as written. *Crum & Forster Managers Corp.*, 156 Ill.2d at 391, 189 Ill.Dec. 756, 620 N.E.2d 1073. However, if the words used in the policy are ambiguous, they will be strictly construed against the drafter. *Central Illinois Light Co.*, 213 Ill.2d at 153, 290 Ill.Dec. 155, 821 N.E.2d 206. It is well settled that the construction of an insurance policy is a question of law and is an appropriate subject for disposition by way of summary judgment. *Illinois Farmers Insurance Co. v. Marchwiany*, 222

---

[2] Plaintiff points out that under the terms of the Subcontract, the parties have agreed to be bound by Illinois law. Defendants have not challenged the parties' choice of law provision.

Ill.2d 472, 476, 305 Ill.Dec. 634, 856 N.E.2d 439 (2006); *American States Ins. Co. v. CFM Const., Co.* 2010 WL 145123, 3 (Ill.App. 2010).

Old Republic moves for summary judgment solely on the issue of the limit of liability under policy number MWZRD1048 issued to United Rental. It argues that under the terms of the policy's Form C Endorsement, its liability is limited to $1 million. Plaintiffs argue that Old Republic relies on the wrong endorsement. Under Plaintiffs' reasoning, because Form B specifically states Additional Insureds--Owners, Lessees and Contractors, and Form C does not so detail the Additional Insureds, Form C does not apply to Illinois Valley. However, nothing in either Endorsement so limits their applicability. Form B's specific purpose is to limit *when* liability arises; Form C's specific purpose is to limit the *limit* of liability under the policy. The two endorsements are not mutually exclusive, rather, each has a specific purpose in the policy, and each details its specific purpose within the endorsement. The endorsements are not, as Plaintiffs argue, irreconcilably inconsistent, nor are they ambiguous. The endorsements detail two separate and distinct obligations under the policy, which together form part of the agreement between United Rentals and Old Republic.

In an effort to avoid the $1 million limitation, Plaintiffs argue that the parties did not contract for a lower limit because the Subcontract provides that United Rentals was to obtain and maintain insurance acceptable to and protecting Illinois

Valley. While this may be an issue between Illinois Valley and United Rentals, the ordinary meaning of the terms included in the policy clearly and unambiguously limit Old Republic's liability to the *minimum limits of insurance* which United Rentals agreed to provide. That amount, as set forth in the Subcontract was, in no event less than $1 million. United Rentals agreed to provide no less than $1 million in coverage. Thus, this is the amount to which Old Republic agreed to be liable.

Plaintiffs' effort to inject ambiguities into the Old Republic policy are of no avail. Arguing that the policy limits were subsequently modified to a lower amount has no bearing on the specific endorsements detailing the limits *vis a vis* additional insureds. Notwithstanding this inapplicability, the modification of the limits of liability would not change the $1 million limit. Under Endorsement Form C, the limit as to additional insureds would remain the lesser of the limits of the policy (whether $2 million as originally set out, or the modified lower amount, 1.75 million) or the minimum limits of insurance United Rentals agreed to provide.

Likewise, Plaintiffs' attempt to forestall summary judgment on the limit of liability issue on the grounds of prematurity are equally without merit. Because the policy is clear and unambiguous in its terms, and the issue can be decided based on reading the policy as a whole, giving meaning to each of the salient endorsements, the fact that discovery is not complete has no relevance on the legal issue of the policy limits.

Accordingly, Old Republic is entitled to summary judgment on the issue of the limit of its liability.

American joined in the motion for partial summary judgment filed by Old Republic as to the issue of the limit of the Old Republic policy. American wrote separately simply to alert the Court that it contends there is no coverage under its policy because Illinois Valley is not an additional insured under the policy. This issue is not before the Court at this time, and will therefore not be addressed herein. Furthermore, American's assertion that the $1 million limitation found herein is well below the attachment point of the American policy has not been briefed nor argued, and as such, will also not be addressed herein.

With respect to United Rentals' joinder in the Motion, the motion is denied. Initially, Plaintiffs point out that they are not seeking contractual indemnity and contribution claims against United Rentals. As such, those portions of United Rentals' Motion are denied as moot.

With respect to the motion as it attempts to limit any liability it may have to Plaintiffs, genuine issues of material fact remain. Plaintiffs claim United Rentals breached the Subcontract by failing to procure insurance which was acceptable to Illinois Valley. The record before the Court is devoid of any evidence that the Old Republic policy was acceptable to Illinois Valley, particularly in light of the limitation found herein. Moreover, United Rentals' argument that Illinois Valley is

now barred from raising this claim because it did not object at the time of the commencement of the Subcontract is premature. As Plaintiffs point out, the Certificate of Insurance listed the policy limits of the Old Republic policy (both the original limits and the modified limits). The evidence may, for example establish that Illinois Valley did not object at the time of commencement based on its reliance on the Certificates of Insurance which failed to delineate the limits with respect to additional insureds. Accordingly, summary judgment limiting liability as to United Rentals is inappropriate.

## Conclusion

Based upon the foregoing, Old Republic is entitled to summary judgment on the issue of the limit of the Old Republic Policy. The limit of the policy, as discussed herein is $1 million. American's joinder in the motion solely on the grounds of the limit is also granted.

United Rentals' Motion for Partial Summary Judgment is denied. Genuine issues of material fact remain as to Plaintiffs' claims of breach of contract by United Rentals.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 82], is **Granted**.

**IT IS FURTHER ORDERED** that Defendant American Alternative

Insurance Company's Joinder in Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 87], is granted to the extent stated herein

**IT IS FURTHER ORDERED** that Defendant United Rentals Highway Technologies, Inc.'s Motion for Partial Summary Judgment and to Join Old Republic Insurance Company's Motion for Partial Summary Judgment, [Doc. No. 105], is **DENIED**.

Dated this 26th day of February, 2010.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE