UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ILLINOIS VALLEY PAVING          )
COMPANY and CONTINENTAL         )
CASUALTY COMPANY,               )
                                )
    Plaintiffs,            )
                                )
    vs.                    )          Case No. 4:06CV1837 HEA
                                )
OLD REPUBLIC INSURANCE          )
COMPANY, et al.,                )
                                )
    Defendants.            )
                                )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant American Alternative Ins. Corporation's (AAIC) Motion for Partial Summary Judgment, [Doc. No. 149]; Plaintiffs' Motion for Partial Summary Judgment against Defendant United Rentals, [Doc. No. 150]; Defendant Old Republic Insurance Company's Motion for Summary Judgment, [Doc. No. 151]; Plaintiffs' Motion for Partial Summary Judgment against Defendants Old Republic and AAIC, [Doc. No. 153]; Plaintiff Continental Casualty Company's Motion to Compel Regarding Exhaustion of Limits, [Doc. No. 158]; Plaintiff Illinois Valley Paving Company's Motion for Joinder in the Motion to Compel, [Doc. No. 161]: Plaintiffs' Motion to Strike the Affidavit of Raymond J. Alletto and Exhibit HH, [Doc. No. 169]; Plaintiffs' Motion to Strike the Affidavit of Michael J. Meyer, [Doc. No. 200]; and Plaintiffs'

Motion for Pretrial Status Conference, [Doc. No. 232]. For the reasons set forth below, Defendant American Alternative Ins. Corporation's (AAIC) Motion for Partial Summary Judgment, [Doc. No. 149], is granted; Plaintiffs' Motion for Partial Summary Judgment against Defendant United Rentals, [Doc. No. 150], is denied; Defendant Old Republic Insurance Company's Motion for Summary Judgment, [Doc. No. 151], is denied; Plaintiffs' Motion for Partial Summary Judgment against Defendants Old Republic and AAIC, [Doc. No. 153], is denied; Plaintiff Continental Casualty Company's Motion to Compel Regarding Exhaustion of Limits, [Doc. No. 158], is denied; Plaintiff Illinois Valley Paving Company's Motion for Joinder in the Motion to Compel, [Doc. No. 161], is granted to the extent of joinder only; Plaintiffs' Motion to Strike the Affidavit of Raymond J. Alletto and Exhibit HH, [Doc. No. 169], is denied; Plaintiffs' Motion to Strike the Affidavit of Michael J. Meyer, [Doc. No. 200], is denied; Plaintiffs' Motion for Pretrial Status Conference, [Doc. No. 232], is denied.

## Facts and Background

As previously detailed in its Opinion, Memorandum and Order of February 26, 2010, Illinois Valley Paving Company (IVP), as Contractor, entered into a Subcontract Agreement with United Rentals Highway Technologies, Inc., (United Rentals), as Subcontractor, to provide equipment for a construction project on Route 13 in Polk County, Missouri. Pursuant to the Subcontract, United Rentals was to maintain general liability insurance naming IVP as an additional insured.

United Rentals maintained primary commercial general liability insurance with Old Republic and an excess liability policy from AAIC. The relevant policy period was January 1, 2004 through January 5, 2005.

The Subcontract provided, in pertinent part,:

> Article Ten of the Subcontract provides, in pertinent part:
>
> Prior to commencing any work under this Subcontract Agreement, Subcontractor shall procure insurance for the Subcontract work and maintain in effect Workers Compensation/Employer Liability, Comprehensive General Liability, Automobile Liability, and such other insurance as is appropriate for the Subcontract work and as may be required by the Owner. As to the work performed under or incident to this Subcontract Agreement, Subcontractor shall obtain and maintain insurance acceptable to and protecting Contractor, which is primary as to any other existing, valid, and collectible insurance, and names Contractor as an additional insured. Subcontractor shall pay the premium and forward appropriate Certificates of Insurance immediately upon obtaining same and at such further times as requested by Contractor. . .
>
> Said insurance as described in this article shall be maintained in the limits required by Owner under the General Contract, but in no event less than the following. . .Comprehensive general liability insurance on an occurrence basis. . . $1,000,000 Each Occurrence. . . $2,000,000 General Aggregate Limit.

IVP received a Certificate of Insurance, dated June 3, 2004, which stated that United Rentals had commercial general liability insurance with Old Republic and excess insurance with AAIC. The Certificate named IVP as an additional insured. It further provided that the Old Republic policy, MWZRD 1048 provides $1,750,000 in liability insurance per occurrence, in excess of a $250,000 self insured retention, and the excess policy, 01-AZ-UM-00000487-02 provides $2

million excess liability insurance per occurrence and in the aggregate. The AAIC policy does not specifically name IVP as an additional insured.

Old Republic issued a policy of comprehensive general liability insurance to United Rentals. The Declarations page states a $2 million limit of liability for each occurrence. A subsequent endorsement, dated August 30, 2005 states that the limit of liability to $1.75 million per occurrence is made retroactively to the policy's January 1, 2004 beginning date.

Included in the policy are two endorsements relevant to the instant issues. Endorsement Form B, entitled, ADDITIONAL INSURED--OWNERS, LESSEES OR CONTRACTORS--(Form B) provides that coverage for the insured person applies only to United Rentals' work for that insured by or for United Rentals. The ADDITIONAL INSURED ENDORSEMENT (Form C) provides that the insurance under the commercial general liability coverage is modified as follows:

> WHO IS AN INSURED (Section II) is amended to include any person(s) or organization(s) for whom you have agreed in a written contract to provide insurance, but only for damages:
>
> > a. Which are covered by this Insurance; and
> >
> > b. Which you have agreed to provide in such contract.
>
> 2. The limits of insurance afforded to such person(s) or organization(s) will be:
>
> > a. The minimum limits of insurance which you agreed to provide,
> >
> > or

b. The limits of insurance of this policy whichever is less.

The Subcontract also included an agreement by subcontractor, United Rentals, to defend, indemnify and hold harmless IVP from and against actions, damages and expenses arising from United Rentals' work, including claims for bodily injury and death.

On June 30, 2004, a minivan struck construction equipment and then collided with a gravel truck on Route 13 in Polk County, Missouri. Two men in the minivan were killed. Their two sons were injured, as was a construction worker at the site. Three lawsuits were filed as a result of the accident. In all three suits, claimants alleged that IVP and United Rentals negligently caused or contributed to cause the deaths and the injuries by failing to channel traffic properly, warn motorists of roadwork and adequately protect motorists in the construction zone.

Continental Casualty, IVP's insurer,[1] defended IVP in the lawsuits. At the request of IVP, Continental Casualty settled the lawsuits in advance of jury trials in the amount of the policies, *i.e.*, $6 million.

Plaintiffs IVP and Continental Casualty brought this action to recover some or all of the settlement amounts. Plaintiffs allege equitable subrogation

---

[1] IVP purchased a commercial general liability policy for the period June 1, 2004 through June 1, 2005 with an occurrence limit of liability of $1 million and a commercial umbrella policy for the period June 1, 2004 through June 1, 2005 with an occurrence limit of liability of $ 5 million excess of the underlying $1 million policy from Continental Casualty.

reimbursement and/or contribution. Alternatively, if coverage is not found under the Old Republic and AAIC policies, Plaintiffs allege they are entitled to recover their defense expenses and indemnification amounts for the underlying lawsuits from United Rentals for breaching its obligations under the Subcontract, including its obligation to obtain and maintain insurance acceptable to and protecting IVP which is primary as to any other existing, valid and collectible insurance.

## Standard of Review

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56©; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The

party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will

be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 391, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993).[2] Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill.2d 141, 153, 290 Ill.Dec. 155, 821 N.E.2d 206 (2004). If the words used in

---

[2] Under the terms of the Subcontract, the parties have agreed to be bound by Illinois law. Defendant, Old Republic, however, argues that California law applies to the issues raised with respect to the Old Republic policy, as discussed *infra*.

the policy, given their plain and ordinary meaning, are unambiguous, they must be applied as written.  *Crum & Forster Managers Corp*., 156 Ill.2d at 391, 189 Ill.Dec. 756, 620 N.E.2d 1073.  However, if the words used in the policy are ambiguous, they will be strictly construed against the drafter.  *Central Illinois Light Co.*, 213 Ill.2d at 153, 290 Ill.Dec. 155, 821 N.E.2d 206.  It is well settled that the construction of an insurance policy is a question of law and is an appropriate subject for disposition by way of summary judgment.  *Illinois Farmers Insurance Co. v. Marchwiany*, 222 Ill.2d 472, 476, 305 Ill.Dec. 634, 856 N.E.2d 439 (2006);  *American States Ins. Co. v. CFM Const., Co.* 2010 WL 145123, 3 (Ill.App. 2010).

**AAIC's Motion for Partial Summary Judgment**

    In its motion for partial summary judgment, AAIC raises the single issue of the limits of its policy as to Plaintiffs.  AAIC argues that limits of liability under its policy as to Plaintiffs, if any, are the same as found in the underlying general comprehensive liability policy issued by Old Republic.

    The AAIC policy is a "follow form" policy, meaning that, as AAIC explains, it adopts and incorporates by reference the terms and conditions of insurance that are found within the primary policy.  See *H&R Block v. Evanston Ins. Co.*,   This is specifically detailed in the policy:

    This insurance is subject to the same terms, conditions, agreements,
    exclusions and definitions as the Underlying Insurance except as
    otherwise provided in this policy, provided, however, that in no event

will this insurance apply unless the Underlying Insurance applies or would apply but for the exhaustion of its applicable Limit of Liability.

IVP is not a named insured on the policy, nor is it listed as an Additional Named insured. However, under the policy, an entity that is an insured under the Underlying Insurance becomes an additional insured by reason of the following provision:

**Insured**

Each of the following is an **insured** to the extent set forth below:

\* \* \*

d. any person or organization (other than you [ *i.e.,* United Rentals]) included as an **insured** in the Scheduled Underlying Insurance but NOT for broader coverage than is available to them [sic] under the Scheduled Underlying Insurance.

IVP is listed as an additional insured on the Old Republic Policy on Form C, as previously detailed in the Court's Opinion. As the Court has previously found, Form C limits the amount of liability to one million dollars. Thus, under the "following form" provision, the Court must limit the amount of recovery under the AAIC policy to the parties' agreement as to the limits of liability as found in the Underlying Insurance. To otherwise hold would be contrary to the provision which provides for following the same terms and conditions as in the Old Republic Policy.

Although Plaintiffs argue that they are entitled to the full amount of the limits of the AAIC policy, Plaintiffs' argument does not withstand scrutiny.

Nowhere in the AAIC policy is IVP listed as an Insured or Additional Insured. Thus, in order for IVP to possibly recover anything under the AAIC policy, IVP must proceed under Form C as an insured in the Scheduled Underlying Insurance. Form C clearly delineates the limit of liability to one million dollars, *i.e.*, the amount of which the parties agreed in the Subcontract between IVP and United Rentals. Thus. IVP cannot avoid the limit of liability listed in Form C. As such, AAIC is entitled to partial summary judgment with regard to the limit of liability, if any, under its policy. Any recovery, if any, under the AAIC policy by Plaintiffs is limited to one million dollars.

**Plaintiffs' Motion for Partial Summary Judgment Against United Rentals**

In their Motion for Partial Summary Judgment, Plaintiffs argue that United Rentals breached the Subcontract, Article Ten, which required United Rentals to obtain and maintain insurance acceptable to and protecting IVP, which was primary as to any other existing insurance, and named IVP as an additional insured. Plaintiffs maintain that the Old Republic policy, which was admittedly a "fronting" or "matching deductible" policy, *i.e.*, the deductible is equal to the policy limits, does not satisfy Article Ten of the Subcontract.

Article Ten provides:

Prior to commencing any work under this Subcontract Agreement,
Subcontractor shall procure insurance for the Subcontract work and
maintain in effect Workers Compensation/Employer Liability,

Comprehensive General Liability, Automobile Liability, and such other insurance as is appropriate for the Subcontract work and as may be required by the Owner. As to the work performed under or incident to this Subcontract Agreement, Subcontractor shall obtain and maintain insurance acceptable to and protecting Contractor, which is primary as to any other existing, valid, and collectible insurance, and names Contractor as an additional insured. Subcontractor shall pay the premium and forward appropriate Certificates of Insurance immediately upon obtaining same and at such further times as requested by Contractor. Said insurance shall be maintained in the limits required by the Owner under the General Contract,[3] but in no event less than:

Comprehensive General Liability Insurance on an occurrence basis...
$1,000,000 Each Occurrence...
The general aggregate shall be on a per project basis
$2,000,000 General Aggregate Limit.

Plaintiffs argue that the Old Republic policy does not satisfy the requirement of comprehensive general liability insurance, but rather, it is, in essence, "self-insurance" to which IVP did not agree, and therefore, United Rentals breached the Subcontract.

"To establish a breach of contract, a plaintiff must show the existence of a valid and enforceable contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and resulting injury to the plaintiff. *Sherman v. Ryan*, 392 Ill.App.3d 712, 732, 331 Ill.Dec. 557, 911 N.E.2d 378 (2009)." *Carlton at the Lake, Inc. v. Barber*, 401 Ill.App.3d 528, 531, 928 N.E.2d 1266, 1270 (Ill.App. 1 Dist. 2010).

---

[3] The General Contract does not require the purchase of comprehensive general liability insurance with limits that are greater than the amount specified in the Subcontract.

Although Plaintiffs attempt to resolve the issue of whether the Old Republic policy complied with the Subcontract, the hindsight testimony that had IVP known of the nature of the policy, it would have objected to same, is insufficient to establish a breach of the Subcontract agreement. Moreover, Plaintiffs fail to present sufficient evidence at this stage of the litigation to establish damages which resulted from the alleged breach of the agreement.

Likewise, Plaintiffs' argument that United Rentals breached the Subcontract by reason of the fact that the policies in issue herein are limited to a maximum of $1 million also fails. Under the terms of the Subcontract, United Rentals was required to procure insurance with a minimum of $1,000,000 per occurrence. It is precisely this provision in the Subcontract which ultimately results in a limitation of the Old Republic and AAIC policies. Plaintiffs have not established that a breach of the Subcontract has occurred as a result of the Old Republic policy which limits recovery to the amount explicitly specified in the Subcontract. See *Crum & Forster*, 156 Ill.2d at 391, 189 Ill.Dec. 756, 620 N.E.2d 1073; *Central Illinois Light Co.*, 213 Ill.2d at 153, 290 Ill.Dec. 155, 821 N.E.2d 206.

Plaintiffs contend they are entitled to attorneys fees under Article 27 of the Subcontract. This provision provides:

> Should Contractor find it necessary to institute legal proceedings to enforce the provisions of the Subcontract Agreement against Subcontractor, Subcontractor shall pay all costs and expenses incurred by Contractor in said proceedings(s), including, but not limited to: (1) necessary attorney's fees; (2) court costs; (3) witness

fees; and (4) all other expenses of litigation.

Plaintiffs take the position that since this provision does not specify that IVP must prevail in the litigation in order to recover attorneys' fees, they are entitled to recover fees in any proceedings brought by IVP. Although the Subcontract does not specifically state that IVP must be the prevailing party in order for it to recover attorneys' fees, the Court agrees with United Rentals that such condition is implicit in the Subcontract. Common sense dictates that the provision requires IVP to prevail in order to recover attorneys' fees. "'The presumption in commercial contracts is that the parties were trying to accomplish something rational. Common sense is as much a part of contract interpretation as is the dictionary or the arsenal of canons.' *Fishman v. LaSalle National Bank,* 247 F.3d 300, 302 (1st Cir.2001) (citations omitted)." *Dispatch Automation, Inc. v. Richards,* 280 F.3d 1116, 1119 (7th Cir. 2002). To find otherwise could result in the filing of multiple meritless, actions lacking in good faith.

Finally, Plaintiffs urge summary judgment under the Illinois pre-judgment interest statute, 815 ILCS 205/2, which provides that "[creditors shall be allowed to receive at the rate of five percent per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing."

As United Rentals correctly observes, there has yet to be any finding that a sum of money is due to Plaintiffs pursuant to the Subcontract or the Old Republic policy. Accordingly, the issue is not yet ripe for this Court to determine, in its

discretion, whether an award under the statute is appropriate.

**Old Republic's Motion for Summary Judgment**

Initially, Old Republic argues that California law must apply to Plaintiffs' action against it. Plaintiffs oppose such application and argues that Illinois law applies to the claims against Old Republic by virtue of the Subcontract. Plaintiffs' reliance on the Subcontract as a basis for determining the applicable law is misplaced. Old Republic was not a party to the Subcontract, and the Subcontract is not the document upon which the action rests, rather, it is the Old Republic policy which determines the resolution of Plaintiffs' claims against Old Republic.

When this Court's jurisdiction is based on diversity of citizenship, the Court must apply the choice of law rule of the state in which it sits to determine which state's substantive law applies. *See Wolfley v. Solectron USA, Inc.,* 541 F.3d 819, 823 (8th Cir.2008); *Heating & Air Specialists, Inc., v. Jones,* 180 F.3d 923, 928 (8th Cir.1999); *Whirlpool Corp. v. Ritter,* 929 F.2d 1318, 1322 (8th Cir.1991); *Birnstill v. Home Sav. of America,* 907 F.2d 795, 797 (8th Cir.1990). This Court, sitting in Missouri, must therefore look to Missouri's choice of law rule applicable to contracts. With regard to contracts, Missouri follows the most significant relationship test to determine what state's law should apply. *See Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.,* 943 S.W.2d 711, 71 (Mo.App.1997); *Birnstill,* 907 F.2d at 797.

Under this test, the court balances several factors to determine which state has the most significant relationship to the action. *Superior Equip. Co. v. Md. Cas. Co.*, 986 S.W.2d 477, 480 (Mo. Ct. App. 1998). *Id.* These factors include: (a) the place of contracting; (b) the place of negotiation of the contract; © the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* "In cases involving surety or casualty insurance . . . the most important factor is the state which the parties contemplated as the principal location of the insured risk." *Id.*

Plaintiffs do not dispute Old Republic's discussion of the significant relationship factors as applied to California law: the place of contracting-the Policy was delivered to Aon in San Francisco, California, then to United Rentals, Inc. in Modesto, California. The place of negotiation-the terms and conditions of the Policy were negotiated between United Rentals' broker, Aon (both of which were located in California) and Old Republic, which is located in Wisconsin. The place of negotiation was therefore California. The place of performance cannot be specifically identified in that the Policy insured risk throughout the United States. The location of the subject matter of the Policy is not restricted to one jurisdiction because United Rentals conducted business throughout the United States. United Rentals' principal place of business was Connecticut and Old Republic's principal place of business was Wisconsin. Considering all of the above factors, the Court

concludes that California has the most significant relationship to the Policy, by reason of the place of contracting and the place of negotiation of the Policy, in light of the fact that the place of performance is not specific to one jurisdiction.

Old Republic argues that the Policy limits have been exhausted. Section III details the limits of coverage:

The General Aggregate Limit is the most we will pay for the sum of:

a. Medical expenses under Coverage C;

b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and
c. Damages under Coverage B.

The Policy has a $6 million dollar aggregate limit. Old Republic presents evidence that this limit was reached by payments made on behalf of the insured on June 6, 2007. Issues of fact remain, however, for example, as to whether the exhaustion took place before or after Plaintiffs settled the underlying litigation.

Likewise, issues of fact remain as to whether the underlying injury arose out of United Rentals' work, as provided in the Policy. Article II of the Subcontract provides that the Subcontractor agreed to furnish, erect, and install all materials and perform all work in every respect to complete the work. Further, the Subcontract provides that the Subcontractor was to have a competent foreman and superintendent present on the project with full authority to take such actions and maintain such equipment as may be required to perform the work under the

Subcontract.  Although there is evidence in the record which discusses the role and function of United Rentals with respect to setting up and placing of signs and temporary traffic control devices around the area, the record is devoid of any reconciliation between what was set out in the Subcontract agreement and the action and/or nonaction taken by United Rentals with respect to the lack of channelizers at the scene of the accident.  Therefore, under California law, the Court is unable to conclude that United Rentals' actions were or were not the predominating cause or a substantial factor in causing the injuries involved in the underlying litigation.  *State Farm Mutual Automobile Ins. Co. v. Grisham*, 122 Cal.App. 4th 563, 567-68 (Cal. App. 3d Dist. 2004).  Summary Judgment is therefore not appropriate at this time.

Old Republic also moves for summary judgment under the doctrine of "superior equities."

> The doctrine of superior equities prevents a subrogated party from recovering against a party having equal or superior equities. ( *State Farm General Ins. Co. v. Wells Fargo Bank, N.A.* (2006) 143 Cal.App.4th 1098, 1107, 49 Cal.Rptr.3d 785.) "Under the doctrine of superior equities, although an insurer might have a subrogation interest in the insured's claim against the party that caused the loss, it cannot enforce its subrogation rights unless it has equities superior to those of the wrongdoer." ( *Id.* at p. 1108, 49 Cal.Rptr.3d 785.)
>
> *       *       *
>
> "In comparing the relative positions of the parties, a court is required to determine who ultimately ought to bear the loss." ( *State Farm General Ins. Co. v. Wells Fargo Bank, N.A., supra,* 143 Cal.App.4th at p. 1112, 49 Cal.Rptr.3d 785.) "[T]here is no facile formula for determining superiority of equities, for there is no formula by which

to determine the existence or nonexistence of an equity except to the extent that certain familiar fact combinations have been repeatedly adjudged to create an equity in the surety or the third party. The cases in other jurisdictions refer to various factors which spell fault in the ... third party, but whatever the criteria mentioned each case comes down to the question of fault of some kind...." (*Hartford Acc. & Indem. Co. v. Bank of America* (1963) 220 Cal.App.2d 545, 558, 34 Cal.Rptr. 23.) "A more balanced statement is that the right of subrogation 'may be invoked against a third party only if he is guilty of some wrongful conduct which makes his equity inferior to that of [the surety or insurer].' [Citations.]" ( *Golden Eagle Ins. Co. v. First Nationwide Financial Corp.* (1994) 26 Cal.App.4th 160, 171, 31 Cal.Rptr.2d 815.)

*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* 188 Cal.App.4th 401, 430-431, 115 Cal.Rptr.3d 707, 731-32 (Cal.App. 4 Dist.,2010).

Application of the doctrine at this time would be premature, as issues of material fact remain with respect to United Rentals' equities. Consequently, Old Republic's motion must be denied at this time, without prejudice to resubmitting the argument upon the resolution of the material facts.

**Plaintiffs' Motion for Partial Summary Judgment Against Defendants Old Republic and AAIC**

**Old Republic**

Plaintiffs move for summary judgment on the basis that Old Republic should be estopped from raising any coverage defense because it allegedly breached its duty to defend IVP with respect to the underlying cases. Genuine issues of material fact exist with regard to Old Republic's reservation of rights letter. The record establishes that counsel for Old Republic engaged in extensive

negotiations and discussions with counsel for IVP such that it cannot be concluded at this time that Old Republic breached its duty, if any, to IVP as an additional insured under the Policy.  Moreover, as Old Republic argues, IVP has presented no evidence of any detrimental reliance such that it should be entitled to estop Old Republic from claiming coverage defenses.   Because genuine issues of material fact remain as to whether there has been a breach of a potential duty to defend, summary judgment is not appropriate.

**AAIC**

Plaintiffs argue they are entitled to summary judgment against AAIC because it waived any right it might otherwise have to contest IVP's settlement since AAIC was given the opportunity to participate in the settlement but refused on the grounds that it had no coverage.  AAIC, however, presents evidence that it wrote to counsel for IVP reserving its rights to deny coverage.  As such, Plaintiffs are not entitled to judgment as to AAIC.

Although Plaintiffs claim they are not seeking summary judgment on the issue of exhaustion, it is significant that AAIC is an excess policy.  Any potential coverage to IVP from AAIC would only become attainable upon exhaustion of the primary insurance, *i.e.,* the Old Republic policy.  As herein detailed, genuine issues of material fact remain as to whether any amounts are indeed recoverable under the Old Republic policy.  Summary Judgment as to AAIC is therefore not appropriate at this time.

**Motions to Compel**

Plaintiffs seek an Order from this Court compelling United Rentals to produce underlying supporting documentation with regard to the loss run for the Old Republic policy. United Rentals responds that such production is over broad and unduly burdensome under Rules 34 and 26(b)(2)© of the Federal Rules of Civil Procedure. The Court agrees. Plaintiffs have failed to establish a compelling reason for them to acquire the documentation on approximately 5,000 transactions when Plaintiffs were given the opportunity to examine the documentation, but refused, and the loss run which was provided details the policy year, the clamant's name, the accident description, the third party administrator's check number for each payment, the payee name, the transaction date, and the transaction amount. The motions to compel will be denied.

**Motion to Strike Affidavit of Raymond J. Alletto and Exhibit HH**

Defendant Old Republic has been granted leave to substitute the Amended Affidavit of Raymond J. Alletto. As such, the motion to strike is denied as moot. Plaintiffs have not refiled their motion to strike the amended affidavit.

**Motion to Strike Affidavit of Michael J. Meyer**

Plaintiffs seek to have the Affidavit of Michael J. Meyer stricken on the basis that the Affidavit contains legal conclusions, speculation, personal opinion

and hearsay.[4]  Plaintiffs' arguments are without merit.  As detailed in Old Republic's opposition, Mr. Meyer is stating his perceptions and his experiences with regard to the events of which he has personal knowledge.  They are not legal conclusions, speculation or personal opinion.

Additionally, the statements in the affidavit are not being offered to prove the truth of the matters asserted therein, rather, they merely report what Mr. Meyers said and did.  As such, the statements do not fall within the parameters of the definition of hearsay.

**Motion for Pretrial Status Conference**

Because the Court has addressed the parties' concern regarding the motions which were previously pending and herein addressed, the Court is of the opinion that the request for a pretrial status conference is moot.

<u>Conclusion</u>

Based upon the foregoing, and for the reasons set forth herein, Defendant American Alternative Ins. Corporation's (AAIC) Motion for Partial Summary Judgment, [Doc. No. 149], is granted; Plaintiffs' Motion for Partial Summary Judgment against Defendant United Rentals, [Doc. No. 150], is denied; Defendant Old Republic Insurance Company's Motion for Summary Judgment, [Doc. No. 151], is denied; Plaintiffs' Motion for Partial Summary Judgment against

---

[4]  Plaintiffs also state that the affidavit is unsigned. Old Republic has filed the signed affidavit.  See Doc. No. 179

Defendants Old Republic and AAIC, [Doc. No. 153], is denied; Plaintiff

Continental Casualty Company's Motion to Compel Regarding Exhaustion of

Limits, [Doc. No. 158], is denied; Plaintiff Illinois Valley Paving Company's

Motion for Joinder in the Motion to Compel, [Doc. No. 161], is granted to the

extent of joinder only;  Plaintiffs' Motion to Strike the Affidavit of Raymond J.

Alletto and Exhibit HH, [Doc. No. 169], is denied; Plaintiffs' Motion to Strike the

Affidavit of Michael J. Meyer, [Doc. No. 200], is denied; Plaintiffs' Motion for

Pretrial Status Conference, [Doc. No. 232], is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Alternative Ins.

Corporation's (AAIC) Motion for Partial Summary Judgment, [Doc. No. 149], is

granted;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary

Judgment against Defendant United Rentals, [Doc. No. 150], is denied;

**IT IS FURTHER ORDERED** that Defendant Old Republic Insurance

Company's Motion for Summary Judgment, [Doc. No. 151], is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary

Judgment against Defendants Old Republic and AAIC, [Doc. No. 153], is denied;

**IT IS FURTHER ORDERED** that Plaintiff Continental Casualty

Company's Motion to Compel Regarding Exhaustion of Limits, [Doc. No. 158], is

denied;

**IT IS FURTHER ORDERED** that Plaintiff Illinois Valley Paving

Company's Motion for Joinder in the Motion to Compel, [Doc. No. 161], is

granted to the extent of joinder only;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike the

Affidavit of Raymond J. Alletto and Exhibit HH, [Doc. No. 169], is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike the

Affidavit of Michael J. Meyer, [Doc. No. 200], is denied;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Pretrial Status

Conference, [Doc. No. 232], is denied.

Dated this 10th  day of February, 2011.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE