UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS VALLEY PAVING COMPANY and CONTINENTAL CASUALTY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:06CV1837 HEA |
| OLD REPUBLIC INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Defendant Old Republic Insurance Company's Motion to Reconsider the Court's Order of February 10, 2011, or in the Alternative, for Clarification of the Court's Order, [Doc. No. 260]

The facts giving rise to this action are set forth in the Court's previous Opinions, Memoranda and Orders of February 26, 2010 and February 10, 2011, and will be repeated here only to the extent necessary.

Old Republic moves the Court to reconsider its denial of Old Republic's Motion for Summary Judgment, arguing that, in spite of the boilerplate language in the United Rentals subcontract, the specifically detailed language added to the Subcontract is controlling.

A court's primary objective in construing the language of an insurance

policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 391, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993).[1] Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill.2d 141, 153, 290 Ill.Dec. 155, 821 N.E.2d 206 (2004). If the words used in the policy, given their plain and ordinary meaning, are unambiguous, they must be applied as written. *Crum & Forster Managers Corp.*, 156 Ill.2d at 391, 189 Ill.Dec. 756, 620 N.E.2d 1073. However, if the words used in the policy are ambiguous, they will be strictly construed against the drafter. *Central Illinois Light Co.*, 213 Ill.2d at 153, 290 Ill.Dec. 155, 821 N.E.2d 206. It is well settled that the construction of an insurance policy is a question of law and is an appropriate subject for disposition by way of summary judgment. *Illinois Farmers Insurance Co. v. Marchwiany*, 222 Ill.2d 472, 476, 305 Ill.Dec. 634, 856 N.E.2d 439 (2006); *American States Ins. Co. v. CFM Const., Co.* 2010 WL 145123, 3 (Ill.App. 2010).

The Court's Opinion of February 10, 2011 found that issues of fact remained as to whether the underlying injury arose out of United Rentals' work, as

---

[1] Under the terms of the Subcontract, the parties have agreed to be bound by Illinois law. Defendant, Old Republic, however, argues that California law applies to the issues raised with respect to the Old Republic policy, as discussed *infra*.

provided in the Policy. Both parties agree that the Subcontract is not ambiguous. Rather, Old Republic argues in its motion to reconsider, that the contract as a whole is unambiguous and can be interpreted only to find that United Rentals was to provide and install some permanent traffic control signs and was merely to provide the remaining traffic control devices at a central location.

Article II of the Subcontract provides that the Subcontractor agreed to furnish, erect, and install all materials and perform all work in every respect to complete the work. This is the "boilerplate" language that Old Republic notes IVP placed in all of its subcontracts. Although the Court found that the record was devoid of any reconciliation between what was set out in the Subcontract agreement and the action and/or nonaction taken by United Rentals with respect to the lack of channelizers at the scene of the accident, Old Republic correctly argues that under the "work to be performed" section, specifically listed was a number of traffic control devices that United Rentals was to *provide* for the project, including, "channelizer (drum-L1)." Further, the last two items listed on the work to be performed are installing "give em a [brake]" and "show me [progress]" signs.

Under Illinois law, the Court must interpret the language of a contract in accordance with its plain meaning and must construe the contract as a whole. *Brooklyn Bagel Boys, Inc. v. Earthgrains Ref. Dough Prod., Inc.,* 212 F.3d 373, 378 (7th Cir.2000) (interpreting Illinois law); *William Blair & Co., LLC. v. FI Liquidation Corp.,* 358 Ill.App.3d 324, 294 Ill.Dec. 348, 830 N.E.2d 760, 770 (1st

Dist.2005). The Court also must ascertain, and give effect to the intent of the parties. *W.W. Vincent and Co. v. First Colony Life Ins., Co.,* 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 966 (1st Dist.2004). "A written contract is presumed to speak the intention of the parties who signed it, and their intentions must be determined from the language used. *Id.*" *JF Enterprises, LLC v. Fifth Third Bank,* 2011 WL 5557414, 5 (N.D.Ill. 2011).

A contract "should be given a fair and reasonable interpretation based on consideration of all its language and provisions." *Shelton v. Andres,* 106 Ill.2d 153, 159, 87 Ill.Dec. 954, 478 N.E.2d 311 (1985). "[B]ecause words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others." *Gallagher v. Lenart,* 226 Ill.2d 208, 233, 314 Ill.Dec. 133, 874 N.E.2d 43 (2007). "'The intent of the parties is not to be gathered from detached portions of a contract or from any clause or provision standing by itself.' *Id.*" *Oshana v. FCL Builders, Inc.,* 2012 WL 335860, 5 (Ill.App. 1 Dist. 2012).

Reading the Subcontract as a whole, the Court agrees that the need for parol evidence to reconcile the stated contractual terms and the parties' action or inactions is not warranted. Indeed, the reading of the Subcontract as a whole and viewing each part in light of the others, the Court concludes that the inclusion of the specific items to be provided were included to supplant the generic to identify the exact and specific requirements agreed to by the parties. While this approach

- 4 -

to writing a subcontract is obviously not the most eloquent nor precise, it is sufficient to establish the parties' intent as to United Rentals' obligations.

The Subcontract is not inconsistent in any way. United Rentals was to provide traffic control devices and was to install only the "give em a brake" and "show me progress" signs. There is no factual dispute that it satisfied these requirements. Thus, the fact that United Rentals did not install the channelizer drum does not render the underlying injuries as "arising out of" United Rentals' work on the project.

## Conclusion

Based upon the foregoing, and for the reasons set forth herein, Defendant Old Republic Insurance Company's Motion to Reconsider the Court's Order of February 10, 2011 or, in the Alternative, for Clarification of the Court's Order, is well taken and should be granted. In light of this conclusion, because the underlying injuries did not "arise out of" the work performed by United Rentals, Old Republic's insured, Illinois Paving is not an additional insured under the Old Republic Policy. Consequently, Old Republic is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Old Republic Insurance Company's Motion to Reconsider the Court's Order of February 10, 2011 or, in the Alternative, for Clarification of the Court's Order, [Doc. No. 260], is granted.

**IT IS FURTHER ORDERED** that Defendant Old Republic Insurance Company's Motion for Summary Judgment, [Doc. No. 151], is **GRANTED**.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE