UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS VALLEY PAVING COMPANY and CONTINENTAL CASUALTY COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1837 HEA |
| OLD REPUBLIC INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Reconsider the Court's Order of February 10, 2011 re: California Choice of Law, or in the Alternative, for Clarification of the Court's Order, [Doc. No. 267].

Although the Court has entered its Opinion, Memorandum and Order granting Old Republic's Motion for Summary Judgment, thereby rendering this motion moot, the motion is not well taken, and will therefore be denied on the merits.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have

been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5 (2008). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

In their Motion, Plaintiffs attempt to persuade the Court to reconsider its findings which led to the conclusion that California law is not applicable to Plaintiffs' claims against Old Republic, based on the parties' agreement in the United Rentals Subcontract that Illinois law applies to all claims. Plaintiffs have presented nothing new, nor have they pointed the Court to any mistake so severe as to establish manifest error. This Court articulated its reasoning in finding that

California law, based on the most significant relationship test, applies to Plaintiffs' claims against Defendant Old Republic.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider, [Doc. No. 267], is **DENIED**.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE